Filed 8/14/23  McPherson v. Southard CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BONITA M. MCPHERSON,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DONALD L. SOUTHARD et al.,<br><br>Defendants and Appellants. | G060614<br><br>(Super. Ct. No. 30-2018-00964601)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Frederick P. Horn, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Dismissed.

Ulwelling Law, James K. Ulwelling and Lauren E. Saint for Defendants and Appellants.

Martorell Law, Eduardo Martorell and JoAnn Victor for Plaintiff and Respondent.

\*          \*          \*

Plaintiff Bonita M. McPherson (Bonita[1]) filed this shareholder derivative action on behalf of Western Tap Manufacturing Company, Inc. (Western Tap), asserting claims against corporate officers and controlling shareholders Donald L. Southard (Don), Lynn Southard (Lynn), and Robert McPherson (Defendants) for breach of fiduciary duty, unfair business practices, unjust enrichment, abuse of control, corporate waste, and for an accounting. Following a bench trial, the trial court entered a judgment in favor of Bonita and against Defendants on all causes of action.

The judgment anticipated additional action by the parties and the trial court: (1) on Bonita's accounting cause of action, it required Defendants and Western Tap "to turn over all financial records associated with Western Tap in their possession, custody or control"; (2) within 45 days of that production, it ordered the parties "to meet and confer and attempt to come to an agreement on the amounts that [Defendants] are to reimburse Western Tap for unauthorized distributions of money and unauthorized payments of their personal expenses"; (3) if the parties were unable to agree on what amounts should be reimbursed, the court would "appoint a receiver under California Code of Civil Procedure section 564 to address a determination regarding the amounts that [Defendants] are to reimburse Western Tap for unauthorized distributions of money and unauthorized payments of their personal expenses"; (4) on Bonita's claims for usurped corporate opportunity concerning the purchase of real property (the Dale Street property), the judgment ordered the parties to either (a) turn over the Dale Street property to Western Tap, subject to repayment of certain expenses, or (b) submit a joint plan to sell the Dale Street property; and (5) the judgment specified that if the parties failed to accomplish either option within 30 days, the court would appoint a receiver on Bonita's request "to address the disposition of the Dale Street property." Citing "the nature and scope of post

_____

[1] Because several of the parties share the same surnames, we refer to them by their first names to avoid confusion. We mean no disrespect.

2

judgment activities that may take place," the judgment also specified that the court "retains jurisdiction of this matter."[2]

Don and Lynn moved for a new trial. Due to the retirement of the trial judge, a different judge granted that motion. Bonita appealed the order granting the new trial motion. (See companion case, *McPherson v. Southard et al.* (Aug. 14, 2023, G060577 [ nonpub. opn.].) Meanwhile, Don and Lynn filed this protective cross-appeal from the judgment.

In their opening brief related to this appeal, Don and Lynn took the position the judgment is final and appealable. However, our independent review of the record suggested the judgment may not be appealable. Since this issue had not been briefed prior to oral argument, we vacated submission and invited the parties to provide supplemental briefing on it. We now conclude the judgment at issue here, despite its label, is not a final judgment; therefore, it is not appealable.

It is well-established that a final judgment is appealable; an interlocutory judgment generally is not. (Code Civ. Proc., § 904.1, subd. (a)(1).) Our Supreme Court has articulated the standard for determining whether a judgment is final or interlocutory: "'where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory.'" (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 698.)

The substance and effect of the judgment, not its label or form, determine its nature. (*Griset v. Fair Political Practices Com., supra,* 25 Cal.4th at p. 698; 9 Witkin,

---

[2]     This section of the judgment erroneously references Code of Civil Procedure section 664.6, which governs judgments entered pursuant to certain settlements.

Cal. Procedure (6th ed. 2021) Appeal § 151, p. 222 [if a judgment leaves some judicial act yet to be done, "regardless of its formal appearance or designation as a final judgment, it is interlocutory only, and not appealable"]; see, e.g., *Baker v. Castaldi* (2015) 235 Cal.App.4th 218, 223-224 [because "judgment" left open amount of punitive damages for future consideration, it was interlocutory and not appealable]; *Yeboah v. Progeny Ventures, Inc.* (2005) 128 Cal.App.4th 443, 448-449 [because judgment left open for future adjudication the issue of past and future payments, called for an audit, and required the appointment of a special master in the event of disputes over the accounting, it was interlocutory and not appealable]; *Kinoshita v. Horio* (1986) 186 Cal.App.3d 959, 964-965 [dismissing appeal from a judgment directing the dissolution of a partnership and sale of its assets by a receiver, noting the judgment was not final because it did not determine the manner for allocating expenses among the defendants or provide a formula for distributing the sale proceeds].)

In this case, the judgment on its face requires both the parties and the trial court to complete a number of additional steps which require further judicial action. Specifically, it requires the production of financial records; the resolution of the amount Defendants must reimburse Western Tap; the resolution of the status of the Dale Street property; and the potential appointment of a receiver to address these issues. Because substantial additional judicial involvement is essential to the final determination of the parties' rights, the judgment is interlocutory and not appealable.

In any event, even if the judgment were somehow appealable, our ruling in the companion appeal (*McPherson v. Southard, supra,* G060577) renders this appeal moot. In that opinion, we reverse the trial court's order granting a new trial, directed the court on remand to enter an amended judgment that omits certain provisions that violate nonparties' rights to due process, and granted the court discretion to include in the amended judgment any relief it deems appropriate for Don and Lynn's usurpation of the

4

corporate opportunity.  The parties of course retain the right to appeal any final judgment entered on remand.

## DISPOSITION

The appeal is dismissed.  In the interest of justice, the parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)


GOETHALS, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.